UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIO L. PAGAN SANTINI,<br><br>                          Petitioner,<br><br>   v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>                          Respondent. | Case No. 1:13-cv-00314-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Petitioner, Mario L. Pagan Santini, alleges that he was improperly found ineligible for his Title XVI supplemental security income (SSI) disability benefits due to income earned during his established disability period. Respondent, Social Security Administration (SSA), moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), claiming a lack of subject matter jurisdiction. (Dkt. 28.) All parties have consented in writing to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See* Fed R. Civ. P. 73(a); Dist. Idaho Loc. Civ. R. 73.1. (Dkt. 22.)

Respondent puts forth three arguments to support the Motion to Dismiss: (1) Santini's failure to exhaust his administrative remedies; (2) Santini's failure to establish a colorable

**MEMORANDUM DECISION AND ORDER - 1**

constitutional claim; and (3) a lack of circumstances justifying equitable tolling of the 60-day limitations period of 42 U.S.C. § 405(g). For the reasons outlined below, the Court will grant Respondent's Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Santini filed for disability benefits on September 7, 2006, due to an injury he sustained in July of 2006. An Administrative Law Judge (ALJ) found Santini eligible for SSI benefits on May 6, 2009. The SSA issued an award letter to Santini on June 23, 2009, which included notice that Santini was ineligible for SSI benefits for September of 2006 due to wages Santini earned during that month. This letter also included notice of Santini's ability to appeal the decision, provided information and instructions on the appeal process, and included a list of resources available to Santini. The award letter stated that Santini had 60 days to appeal the decision from the date of receipt of the letter. It further stated that receipt of the letter would be presumed to occur 5 days after the letter was issued unless the claimant could show that he did not receive the letter within that 5-day period. The award letter also informed Santini that, if he missed the 60-day deadline for an appeal, he must show "good reason" for the delay.

More than three years later, on July 16, 2012, Santini appealed the ineligibility finding. Santini's appeal was denied upon reconsideration on November 7, 2012, due to administrative finality and an untimely appeal. Nevertheless, on December 17, 2012, Santini filed a written request for a hearing. On January 4, 2013, an ALJ dismissed Santini's request for a hearing based on untimeliness and failure to establish good cause for missing the deadline to request a hearing. Also on January 4, 2013, a Notice of Dismissal was issued to Santini. This Notice of Dismissal included, among other things, instructions on how to file an appeal and notice of the 60-day time limit to file an appeal from the date of receipt of the notice.

**MEMORANDUM DECISION AND ORDER - 2**

Thereafter, Santini requested the Appeals Council review the ALJ's dismissal of his appeal of the June 23, 2009 award letter. On April 4, 2013, the Appeals Council issued Notice that Santini's request for review was denied. Santini filed the present civil action on July 18, 2013, seeking review of the ALJ's January 4, 2013 Order of Dismissal and the Appeals Council's denial of his request for review.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court "possess[es] only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). This Court presumes that a cause of action "lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting the jurisdiction." *Id.* (internal citations omitted). Further, this Court must dismiss a cause of action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

However, because Santini is a *pro se* petitioner, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Accordingly, the Court will liberally construe Santini's filings and afford him the benefit of any reasonable doubt. *Id.*

## ANALYSIS

Individuals are entitled to judicial review of an SSA action by commencing a civil action following "any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy." 42 U.S.C. § 405(g). The petitioner must commence the civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id.*

**MEMORANDUM DECISION AND ORDER - 3**

The statute makes clear that this is the only jurisdictional basis for judicial review, stating: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." *Id.* § 405(h).

The Supreme Court of the United States has held that this language "cannot be read to authorize judicial review of alleged abuses of discretion in refusing to reopen claims for social security benefits."[1] *Califano v. Sanders*, 430 U.S. 99, 107–08 (1977). Section 405(g) "clearly limits judicial review to a particular type of agency action, a final decision of the [Commissioner of Social Security] made after a hearing." *Id.* at 108 (internal quotations omitted). The Supreme Court recognized that the purpose of this statute was to "impose a 60-day limitation upon judicial review of the [Commissioner's] final decision on the initial claim for benefits" and to "forestall repetitive or belated litigation of stale eligibility claims." *Id.* It is the duty of this Court to respect congressional intent. *Id.*

The term "final decision" is left undefined by the Social Security Act, but the Commissioner has the authority, under 42 U.S.C. § 405(a), to "flesh out [its meaning] by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Accordingly, the SSA has promulgated regulations on which decisions are reviewable: "A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner." 20 C.F.R. § 422.210(a). However, "the SSA's decision whether, for good cause shown, to entertain an untimely hearing request or reopen an earlier application is strictly discretionary, it is not final and thus not generally reviewable by a district court." *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (internal citations omitted).

---

[1] *Califano* was interpreting § 205(g) of the Social Security Act, but the pertinent language is identical to the statute at issue in this case.

**MEMORANDUM DECISION AND ORDER - 4**

Under these standards, the Court has no jurisdiction to review Santini's July 16, 2012 appeal, because the ALJ's refusal to reopen Santini's case is an unreviewable discretionary decision.

   **1. Colorable Constitutional Claim**

However, an exception to this rule exists when a claimant raises "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Id.* (quoting *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)). A constitutional claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." *Klemm*, 549 F.3d at 1144 (internal quotations omitted). The "mere allegation of a substantive due process violation is not sufficient to raise a colorable constitutional claim to provide subject matter jurisdiction." *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993) (internal quotations omitted). Because, if a mere allegation of a substantive due process violation is sufficient to establish subject matter jurisdiction, "then every decision of the [Commissioner] would be [judicially] reviewable." *Id.* (second alteration in original) (quoting *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986)). "Every disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review." *Id.* (quoting *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir. 1984)).

The Ninth Circuit has found that the claimant had raised a colorable constitutional claim when she proffered three reasons for missing the 60-day appeal deadline: "(1) she was unaware of the filing deadline; (2) she was very sick; and (3) she was preoccupied with caring for her mother, who had died of cancer." *Dexter*, 731 F.3d at 980. Although the claimant's first reason would have been deficient on its own, her other two cited reasons constituted "good cause" under

the regulations promulgated by the Commissioner and therefore raised a colorable constitutional claim. *Id.* at 981; *see also* 20 C.F.R. § 404.911(b) (providing examples of "good cause," such as serious illness and death of an immediate family member).

Santini has not alleged any facts sufficient to establish a constitutional violation of due process. Therefore, no colorable constitutional claim has been raised and the exception does not apply.

### 2. Equitable Tolling

The last issue to be addressed is whether equitable tolling of the 60-day time limit is appropriate in this case. On January 4, 2013, the ALJ dismissed Santini's request for a hearing on his claim for benefits. On April 4, 2013, the Appeals Council issued notice of its action denying Santini's request for review of the ALJ's dismissal. Thereafter, Santini had 60 days to file for judicial review. To be considered timely, Santini must have commenced his civil action on or before June 8, 2013. Santini did not commence this civil action until July 18, 2013.

The 60-day time limit embodied in § 405(g) was implemented by Congress so that the SSA could "move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). As such, the time limit serves the interest of both the claimant and the Government. *Id.* However, the Supreme Court of the United States has recognized that there are rare cases when equitable tolling of the 60-day time limit of § 405(g) is appropriate, even in light of congressional intent to limit judicial review. *Id.* But, these circumstances must be "so great that deference to the agency's judgment is inappropriate." *Id.* at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

For example, in *Bowen*, the Court upheld equitable tolling of the 60-day period for seeking judicial review because the Secretary of Health and Human Services had an illegal

internal policy with the effect of routinely denying disability benefits to several claimants who may have been entitled to them. *Id.* at 477–78. The policy was unpublished and mandated a presumption that a claimant who was unable to prove disability is equivalent to finding a claimant able to do unskilled work. *Id.* at 473. Because this was a "systemwide, unrevealed policy that was inconsistent in critically important ways with established regulations," the Court reasoned that "the Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights," and thus tolling was appropriate. *Id.* at 481, 485. The Court emphasized that tolling in that rare and unique case did not frustrate congressional intent when enacting the 60-day time period. *Id.*

Further, the Supreme Court has stated that federal courts only sparingly grant equitable relief. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). For example, the Court has permitted equitable tolling in cases where the claimant has actively pursued judicial remedies but the pleadings were defective in some manner, or where the claimant has been actively induced by his adversary's misconduct to allow the filing deadline to pass. *Id.* However, equitable tolling of late filings has generally not been granted when the "claimant failed to exercise due diligence in preserving his legal rights." *Id.*

In *Irwin*, for example, an attorney missed a filing deadline by two weeks because he was out of the country when his office received notice of the 30-day filing deadline. *Id.* at 89. The attorney argued that the circumstances justified application of equitable tolling principles, but the Court disagreed. *Id.* The Court concluded that this instance does not rise above a "garden variety claim of excusable neglect" and held that equitable tolling was not appropriate. *Id.*

Santini contends that several factors have contributed to his untimeliness in filing for judicial review, including difficulty focusing, difficulty understanding the terminology, lack of

legal assistance, and lack of legal knowledge. However, none of these factors meets the required extraordinary circumstances to justify tolling the statutory time period.

### ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss (Dkt. 28) is **GRANTED**.

Dated: **October 01, 2014**

Honorable Candy W. Dale
United States Magistrate Judge